# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**COREE McGAUGH**                                                                 **PLAINTIFF**

v.                              No: 4:20-cv-00753 LPR-PSH

**BILL GILKEY**                                                                    **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Coree McGaugh filed a complaint pursuant to 42 U.S.C. § 1983 on June 15, 2020 (Doc. No. 1). Before the Court is a Motion to Dismiss filed by Defendant Bill Gilkey (Doc. No. 31). Gilkey moves to dismiss this case because McGaugh has failed to comply with a court order compelling him to answer Gilkey's discovery requests.

On October 6, 2021, Gilkey filed a motion to compel responses to Defendant's First Set of Interrogatories and Requests for Production of Documents, which were served on McGaugh on or about June 16, 2021 (Doc. No. 26). Gilkey attached to his motion a copy of the June 16, 2021 letter sent to McGaugh serving the discovery requests, and also attached a copy of a July 26, 2021 good faith letter. Doc. Nos. 26-1 & 26-2. Although he was given the opportunity to do so (*see* Doc. No. 27), McGaugh did not file a response to Gilkey's motion to compel.

On October 25, 2021, the Court granted Gilkey's motion to compel and ordered McGaugh to respond to the discovery requests within 30 days (Doc. No. 28). McGaugh was informed that his failure to comply could result in sanctions, including dismissal of this case. *Id.*

On January 5, 2022, Gilkey moved to dismiss this case as a sanction because McGaugh failed to comply with the Court's order compelling him to respond to their discovery requests (Doc. No. 31). McGaugh was notified of the opportunity to file a response to the motion to dismiss (Doc. No. 32), but he did not do so.

Rule 37(d) of the Federal Rules of Civil Procedure allows a district court to dismiss an action when a party fails to respond to discovery requests. *See also Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) (no motion to compel is required before dismissal under Rule 37(d)). Likewise, Rule 41(b) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action or any claim against it

when the plaintiff fails to prosecute or comply with the Rules of Civil Procedure or a court order.

McGaugh's failure to respond to Gilkey's discovery requests is cause for the dismissal of this case, as is his failure to comply with the Court's order compelling such responses. As the plaintiff in this action, McGaugh is obligated to respond to appropriate discovery requests from Gilkey. Accordingly, the Court recommends that Gilkey's motion (Doc. No. 31) be granted, and this case be dismissed without prejudice.

DATED this 26th day of January, 2022.

_____
UNITED STATES MAGISTRATE JUDGE